UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLE PEARSON, | No.  2:20-cv-1720 KJM DB PS |
| Plaintiff, | |
| v. | ORDER |
| ICANOTES-EHR, et al., | |
| Defendants, | |

    Plaintiff Nicole Pearson is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On December 18, 2020, plaintiff filed a motion seeking to have "all documents pertaining to this court case" including "judicial proceedings" filed under seal.  (ECF No. 8 at 2.)

    In evaluating requests to seal, the court starts "'with a strong presumption in favor of access to court records.'"  Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent – indeed, particularly because they are independent – to have a measure of accountability and for the public to have confidence in the administration of justice.'"  Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)).  A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy.  Id.

(citing <u>Kamakana v. City and County of Honolulu</u>, 447 F.3d 1172, 1178 (9th Cir. 2006)). However, where the material is, at most, "tangentially related to the merits of a case," the request to seal may be granted on a showing of "good cause." <u>Id</u>. at 1097-1101.  Moreover, Local Rule 141(b) requires, in relevant part, that a "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons permitted access to the documents, and all other relevant information."

Here, plaintiff's filing fails to make the necessary showing to justify the extraordinary measure of preemptively sealing all documents and proceedings in this action.  Nor does the filing comply with the requirements of Local Rule 141.  Moreover, as explained below, plaintiff has yet to file a complaint that states a claim for relief.  Accordingly, plaintiff's motion will be denied without prejudice to renewal.  In connection with the motion to seal, plaintiff filed various medical records.  (ECF No. 9.)  Out of an abundance of caution, that filing will be stricken and the documents returned to plaintiff.[1]

Additionally, on December 4, 2020, plaintiff was granted twenty-eight days to file an amended complaint.  (ECF No. 7.)  As of the date of this filing, plaintiff has failed to do so.  The failure to file an amended complaint may result in the recommendation that this action be dismissed for lack of prosecution.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's December 18, 2020 motion to seal (ECF No 8) is denied;

2. Plaintiff's December 18, 2020 filing (ECF No. 9) is stricken; and

3. The Clerk of the Court shall return the documents filed December 18, 2020 (ECF No. 9) to plaintiff.

Dated:  January 8, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6

---

[1] Plaintiff may elect to refile those documents on the public docket or file a renewed request to seal that makes the necessary showing.

DB/orders/orders.pro se/pearson1720.seal.den.ord